Case number 24-5168, America First Legal Foundation, appellant versus Hampton Dellinger in his official capacity. Mr. Block for the appellant, Mr. Peters for the appellant. Good morning, Mr. Block. This is Judge Wilkins. You may proceed when you're ready. Thank you, your honor. Good morning, your honors. My name is Andrew Block on behalf of Plaintiff Appellant America First Legal Foundation. May it please the court. The issue presented by this case is whether SHAL, as used in the Whistleblower Protection Act, imposes a mandatory duty on the special counsel. The plain reading of the statute, the role of the special counsel in the administration of the civil service, and the special counsel's historical practice in the discharge of their duties all indicate that they must investigate, as the statute says, any allegation of arbitrary and capricious withholding of information provided under Section 552 or the Freedom of Information Act. We ordered supplemental briefing on standing, so you might want to start there. Yes, your honor. So as we point out in the supplemental briefing, we believe that this procedural injury that America First Legal has two concrete interests that are recognized by the procedure. So starting with the statute, Section 1216 explicitly mentions FOIA and the process of FOIA. As a FOIA requester, that then entitles us into our, that incorporates our injuries. And so this case was born out of a FOIA request to the Civil Division, where the Civil Division admitted to having an arbitrary and capricious, as we believe, withholding practice. So on that theory, the informational injury is not getting the material you requested through FOIA? It's a little bit larger than that because it's, as a, I know you have a, I know you have a, second theory about the investigation, but let's take them one by one. No, yeah, absolutely. I think even on the theory of the FOIA injury, as a FOIA requester and a repeat FOIA requester, there's no confidence that there could ever be an adequate search if there's an opt-out policy at the Civil Division. And so on that, on that FOIA, yes, that is. That problem is traceable to the Civil Division, not to the Special Counsel. But it is traceable to the Special Counsel's investigation because if they undertake their duty and look at the evidence that we have provided and at least conduct the investigation that the statute requires them to conduct, then they're, then they can make recommendations and they can take other actions to have the Civil Division update its policies. And of course, then secondly, our second theory is the information of the investigation. Yeah, and on that theory, what is, the problem for you is you don't have a statutory entitlement to, even assuming, as you allege, that there's a mandatory duty to investigate, you don't have a statutory entitlement to the fruits of that investigation. And TransUnion in the Supreme Court, following a case called Tritchell in the 11th Circuit, says informational injuries are not concrete, absent a statutory entitlement to the information. Well, certainly, Your Honor, I think that if the OSC were to engage in its duty and conduct any sort of investigation, even if the disclosure requirements of 1214 do not apply, and we noted that they've continued to follow those updated procedural requirements as this case has progressed. As a matter of grace, not as a matter of entitlement. Sure, even as a matter of grace, we could receive that information, but then the FOIA also gives us another remedy to obtain that information independently or potentially, you know, discovery in a lawsuit. I recognize that one's a little bit more attenuated, but I think the Freedom of Information Act would allow us to obtain information relating to any activity that happened. So, I think we would have informational and a statutory cause of action. And of course, because A3 specifically references FOIA, it envisions that the requester of these investigations is a FOIA requester, who, of course, Congress has given standing to. So, I do want to just briefly, because I think it's important, touch on the facts that gave rise to this action, which is, as I was mentioning just a little bit ago, the interactions between AFL and the Civil Division. So, the AFL had submitted a FOIA request for all communications between the Civil Division and one specific non-governmental email address. DOJ said that this would be very burdensome. And so, you know, as you can see at the joint appendix, beginning between pages 14 and 16, there's the communications between AFL and the Civil Division. And picking up on an email that memorializes a phone call, AFL writes, I understand that the Civil Division has a policy of not conducting a FOIA search on an employee's emails without first getting their permission or consent. To which the Civil Division responds, this is correct. And AFL even follows up writing, is that policy of getting consent from employees prior to a FOIA search a written policy or more of a practice? If written, would you be able to provide that? To which the DOJ responds, it is not a written policy. And so, there is not a kind of, under 1216, the special counsel is charged with investigating, quote, any allegation of then arbitrary and capricious withholding under FOIA. So, that fits our situation perfectly. Now, as to the kind of the merits that the government has advanced, their theory falls under kind of two main, well, their primary argument, I guess, is that the special counsel is akin to the attorney general or the Secretary of Homeland Security in the exercise of executive power. Now, that fails for two main reasons. One, the special counsel is charged with effectuating laws as to the civil service, which is largely the government as an employer and not the government as the Article Two head of the executive branch. But even if we were to accept that premise of equivalency, the courts have still recognized that the Congress can impose, even on executive actors, ministerial duties. And it's not hard to imagine some of those requirements, right? Reporting requirements from the attorney general to Congress, or you could imagine a situation where Congress instructs the Secretary of Transportation to build a road between points A and B, as opposed to kind of just making a grant to, you know, or do it in their discretion. So, there's really a kind of fundamental flaw in the answering of our case, which is presented in our reading of the statutory interpretation. Suppose we agree with you that shall in 1216a means shall, and there's an obligation to do some measure of investigation. It's a little odd. A has a shall investigate, C has a may investigate. Let's just assume the investigation is a shall. You still have this further problem that the corrective action step is controlled by the may and only by the may in 1216c. So, what are you left with as a mandatory obligation, other than an investigation unconnected to any enforcement on the back end? Certainly, Your Honor. So, I think that what we are entitled to, and really this is spelled out, I think, in the court's opinion in Wren, I think, is instructed. Now, Wren is a 1982 case, and, of course, there have been changes to the statutory structure since then, but I think the circuit court's language here is, and this is 681F2nd at 874, quote, so far as we can tell from the record, the petitioner's case was never investigated as the statute requires. Skipping down a little bit, it says the plain language of the statute and the legislative history clearly indicate that while the scope of the initial OSC investigation need only be extensive enough to determine whether there are reasonable grounds to believe a prohibited practice is occurring or has occurred, and then it continues. And I think that's really, that's what we would be after, which is a good faith look at what's going on. And, of course, the may here is discretionary, and so the special counsel may proceed under 1214 or under 1215 in those processes. They may do something else. But we think we've provided what is very strong evidence of a pretty blatant, arbitrary, and capricious OIA withholding practice at the Department of Justice's Civil Division, and that the special counsel has a duty to that. And maybe they make a finding, maybe they make a referral to the inspector general, maybe they make a report to Congress, maybe they make suggestions. All of which is discretionary. Of course. Which just circles back to the assertedly mandatory investigation just amounts to a procedural right in the vacuum. Well, of course, they have to operate if they do anything that's arbitrary and capricious there, then that is a separate, you know, I think, cause of action. Well, when we did get back from, the district court did receive back from OSC the fruits of their investigation, right? The OSC said, we looked at this, and considering the resource constraints we're under, we don't think it warrants any further investigation. I would, I would take a little bit of issue with the categorization of what OSC did at the end of the district court stage. The OSC, OSC's letter by, by its confines amounts to a rejection of an investigation. It's only in the briefing did the government try to style it, a investigation that has, you know, the minimum amount required. So. Well, what was their direction on remand to investigate? Would you consider whether to investigate? The district court said that the OSC had the discretion whether or not to investigate. And the OSC said, we are going to exercise our discretion to not investigate. And that is at JA 66. In consideration of the above, OSC is exercising its discretion to respectfully decline to undertake any further investigation. Any further investigation. Sure. And we're not going to go any further. I think the point is, is that its inclusion of the word further does not turn this letter into any sort of an investigation. It says, we're not going to look at it because we're constrained by resources. So it's an argument. Well, the word, the word means nothing is what you're saying. I'm saying that the idea that they conducted an investigation is not what that letter in its entirety is. It's a decline to investigate. The district court said, you have the discretion to decline to investigate. And then the special counsel comes back with a letter that says, we're going to use this discretion to decline to investigate. Further. That's what they said. They did say further. And so, you know, I see that my time is getting a little bit low here. And so I would just ask that again, the court look at the conversation in Wren and as well as as well as our briefing to see that the statutory structure really requires a special counsel to investigate this here. And I'll reserve my remaining minute and 10 seconds. All right. Thank you. Mr. Peters, we'll hear from you. Good morning and may it please the court. David Peters on behalf of the United States of America. I'd like to start my time just focusing on standing. As we point out in our submental brief, there are several fundamental defects with plaintiff's procedural injury theory of standing. But the most fundamental one is the one that Judge Katz, as you pointed out, which there's even in the relaxed setting of a procedural injury theory for addressability and traceability. Plaintiffs have not plaintiff has not established addressability and traceability here because plaintiff's only concrete interest that they've identified is an interest in their underlying FOIA request. But there is an attenuated chain of speculation that connects any link to that between the alleged procedural injury here. I mean, as you point out, Judge Katz, whether to investigate is committed to whether to even assuming that whether to investigate is a mandatory obligation, especially counsel. And we don't think that's true. But even assuming that is the case, whether to take enforcement action is entirely discretionary for the special counsel. And then on top of that, and this is really the problem, all the special counsel can do is go before the board. And the board is independent of special counsel. It has to exercise its independent authority to determine whether there's a kind of viable claim here. Even then, all the board can do is discipline the individual employee who committed the violation. The special counsel cannot request that the agency that the board order the agency to release records. It can't request that the board order the agency to change its policy. The board can't do that. So even if then the board just takes an independent action against the employee, there would still be the independence of the Department of Justice determine in light of that decision what to do. And of course, it's operating under its own statutory obligations under FOIA. And plaintiff has not shown in any way kind of the link between those to establish traceability or addressability. And this court, both in the Florida Audubon Society case and the Center for Law case, rejected a theory of procedural injury on that exact same kind of problem of addressability and traceability hinging on the independent actions of third parties. And so I'm happy to address kind of the merits further, but I think there's just a fundamental problem here with plaintiff's standing and this court can, you know, affirm the dismissal on that ground. If we were to affirm the dismissal on that ground, though, the dismissal would be a different type of dismissal. It would be a dismissal without prejudice as opposed to a maybe the most precise way of the exact remedy that this court would order would be to vacate the district court's judgment, remand with instructions to dismiss for lack of subject matter jurisdiction. So maybe not exact affirmal, but it would be, you know, agreeing that dismissal is proper here. And that would be, I think, the precise way in which this court would style its remedial order. Can you just tell us what's happening in the FOIA litigation? Yes. So documents being produced and or exemptions being claimed? Yes, Your Honor, the plaintiff has filed a separate FOIA action against the department. My understanding based on the most recent joint status report is that the department is producing documents responsive to the request. I don't think there has been litigation. The case has been stayed while that has been unfolding. I don't think or I'm not aware of the precise what exactly. The adequacy or inadequacy of any search could be teed up in that litigation. Of course, Your Honor. I mean, there are some standing issues here, of course, but I have to say the policy, I mean, it would be quite extraordinary if the civil division had the policy that's alleged here. I understood. And that's why in district there was a declaration submitted by the civil division explaining why there is no policy. There has never been such a policy. There isn't currently a policy that would kind of limit searches in that way. I think at the end of the day, there's a miscommunication or misunderstanding about the way in which the department's policy was being, the department was responding to FOIA requests, but that is not a policy that has ever existed. And that declaration that was submitted has not been rebutted by plaintiff in any way. And of course, to the extent there was some kind of ongoing FOIA violation, plaintiff could challenge that in the course of its underlying FOIA request. I actually, in the email exchange, pardon me, to which Mr. Black pointed us earlier, as I recall, the, well, I think he said the government in the email did not say there is an unwritten policy, right? It says, it said there is no written policy. There is no written policy. I mean, the usual course, and this is just explaining the declaration is that in responding to FOIA requests kind of for ease, the department, you know, the individuals who are, whose documents are being requested to help find those documents just to facilitate the process. But of course, there isn't a case where those individuals could exercise some kind of veto. And again, you know, to the extent there was a problem along these lines, of course, the way in which that plaintiff could exert its interest is through the underlying FOIA request. And, you know, the real problem here is that even if the special counsel was to conduct an investigation, there's no way to correct this alleged policy through the board's actions or, you know, there's no way for the special counsel to request a correction of that. So you would have the court rest entirely on redressability, is that correct? As we pointed out in our supplemental brief, you know, we think the characterization of 1216 as a statutory scheme that's granting procedural rights is not correct. You know, the ability to investigate is in, you know, part and parcel of the special counsel's ability to take enforcement actions. We don't think it's a source of procedural rights. Again, I think the Center for Law case from Judge Sentelle several years ago is instructive here. You know, even if you think there's a procedural requirement, it doesn't mean that every procedural right, every violation of a procedural requirement gives rise to standing, because the procedural right has to be designed for the interest of the plaintiff. So we don't think that's right. And so I think it's another reason to think that there's not standing here, Judge Ginsburg, but I think the most fundamental problem is the redressability and traceability problem. If I recall correctly, neither party in the briefs on standing, I may be missing this, but I don't think either party referred to the zone of interest as a standard for, or a test for evaluating, looking at the, whether the statute was meant to serve the interests of the plaintiff. We didn't, Your Honor, I mean, as I understand it, zone of interest is not, you know, and legal blacksmark isn't strictly a standing doctrine, a jurisdictional one. It's more considered about a cause of action. I think to some degree, this court has, when it is asked whether a procedural right is one that is designed for the interest of a litigant, it has kind of, there's some overlapping interest there, but that has been an analysis that is conducted through the standing framework and not through a zone of interest or cause of action framework. All right. Are there any other questions from the panel for Mr. Peters? No. We would ask that the court, you know, affirm or more specifically vacate remand with instructions dismissed for lack of standing. Thank you, Mr. Peters. Mr. Brock, I believe you had a minute, 10 seconds remain. Yeah. Thank you, Your Honor. So I'll say a couple of points. First, our addressability issue is, I think, covered by mandamus. Mandamus is the redress that we would seek and the actions. From where the OIC goes from there, obviously, we've talked about is a little less under our control, but we do think that, you know, a good faith investigation would redress our issues. And really, the court's power is to either grant or not grant mandamus. And so that's the redress. The Florida case and the Center for Law and Education cases came up on those are zone of interest cases. I think it's not briefed extensively. I don't think, I think we note it a little bit in passing in our reply supplemental briefing at three. I'll just say that I think, as I said earlier, AFL would be in a, if this were a zone of interest case, AFL would be in the zone of interest as a FOIA requester as it's incorporated in through 1216 subsection A3. The limb declaration came up. And again, we didn't really spend a lot of time on that. We did note it was a red herring and is largely irrelevant as limb doesn't even purport to have firsthand knowledge. And it's just kind of reinterpreting the documents that were submitted to the special counsel. And then my last- I don't know if it was in front of me, is A3 a procedural? Subsection 1268 A3 refers to the FOIA. So that would bring- Oh, I'm sorry. I was thinking of the APA. Okay. Sorry. Yeah. So 1216 would bring the FOIA requester into the zone of interest. And that really ties into my last point, which is just that FOIA is certainly a remedy, but it is not the only remedy. And the district court correctly recognized the difference between the FOIA remedy and the 1216 remedy. And I think that is exemplified by the bringing of this case. The fact that it's been three years since that FOIA request was filed, and we still haven't been able to challenge the adequacy of search, is why this Congress gave FOIA requesters the ability to bring to the special counsel's attention arbitrary and capricious actions so that they could be investigated on the front end and not three to four years later. So with all of that, I'd like to thank the court for its time, its consideration, and ask it to reverse with instructions to- with an instruction to enter mandamus as to the special counsel. Thank you, counsel. The case is submitted.
judges: Wilkins; Katsas; Ginsburg